GEORGE C. WILLIS dba GEORGE C. WILLIS COMPANY, appellant, v. MARGARET LUNDSTEDT et al., appellees.

No. 48571.

(Reported in 66 N.W.2d 873)

NOVEMBER 16, 1954.

Charles B. Kaufmann and Harold C. Lounsberry, both of Davenport, for appellant.

.Hall & McCarthy, of Davenport, for appellees.

MULRONEY, J.—Plaintiff, who was engaged in the business of selling trailers, in Bettendorf, Iowa, sold a certain trailer to one Eugene Lanham on a conditional sales contract for $832, payable $25 a week. The contract was dated August 24, 1950, and Lanham took the trailer to the Glendale Trailer Park owned by

Margaret Lundstedt and located a short distance east of Bettendorf. Lanham abandoned the trailer and absconded, after making one weekly payment.

On July 31, 1952, plaintiff sued Margaret Lundstedt and Charles Fuller alleging Margaret Lundstedt was the owner of the Glendale Trailer Park and both defendants operated the park. The petition alleged the original conditional sale of the trailer to Lanham; that he had defaulted on his contract and abandoned the trailer and immediately thereafter the defendants agreed to buy the trailer from plaintiff for the same sum, or $832, and that they took possession of the trailer, then in their trailer park and still retain possession of it. The petition alleged "defendants have from time to time agreed to sign a contract for the trailer but have never done so." The petition goes on to charge defendants with conversion and appropriation of the trailer to their own use and states plaintiff has elected to treat the conversion as a sale and to sue defendants on quantum meruit for the price of said trailer, reasonably worth $832.

Defendants answered, stating: "Defendants admit that on or about August 24, 1950, they agreed to purchase the trailer described in plaintiff's petition and that they took possession of said trailer at that time and still retain possession thereof." Further on in their answer defendants again state they "admit they agreed to buy the trailer from plaintiff but they allege that the purchase price they agreed to pay therefor was the sum of $500, not the sum of * * * $832." The answer denied the conversion or appropriation of the trailer on defendants' part and alleged it was reasonably worth $500 "at the time they took possession of it." The answer stated they, at all times, were ready, willing and able to pay plaintiff the $500 for the trailer but plaintiff refused to accept the sum.

Plaintiff replied to the effect that he did at one time offer to settle with defendants if they would pay him $500 within a week but they failed to do so, and there was no agreement on his part to accept $500 after the compromise offer for a limited time expired.

These are the pleadings on which the parties went to trial on July 30, 1953. It is worth observing that plaintiff would have been entitled to judgment on the pleadings for at least $500. The

trial was to the court without a jury and, as we see it, the only issue was whether or not plaintiff was entitled to judgment for $500 or $832. Defendants admitted there was a contract with plaintiff to purchase the trailer on or about the date alleged in the petition. They admitted they took possession of the trailer at the time of this contract. They admitted they still had possession of this trailer. And they admitted plaintiff was entitled to $500 under either the allegations of contract or conversion in the petition.

Plaintiff was the only witness in the case. He testified that he sold the trailer to Lanham on a conditional sales contract for $832. The conditional sales contract which was in evidence contains a clause to the effect that in the event of default seller could "repossess [the trailer] without notice or demand and without process of law and * * * remove and hold the same absolutely as the property of the seller * * *." Plaintiff testified that he sold the trailer to Lanham without a down payment and he helped Lanham move the trailer to the Glendale Trailer Park. He then stated that shortly thereafter Lanham "abandoned the trailer" and has not been heard of since.

Plaintiff related his negotiations for the sale of the trailer first with the defendant Fuller who came to him immediately after Lanham left, and then later with defendant Lundstedt. He stated they agreed to take over the contract or pay the unpaid balance; that they would rent out the trailer and pay for it "so much money a month" and there was no talk of any reduced price. He said this agreement was "very definite" and that he talked to Margaret Lundstedt about 20 times and she recognized the obligation but said "she wasn't doing well" and "couldn't afford to pay it now but would soon." He said she rented the trailer almost continuously for $15 a week but never paid him anything. He related the incident of the compromise offer when she offered to pay $500 and he agreed to accept this in full settlement if paid within a week, but this payment was not made.

At the close of plaintiff's case defendants moved to dismiss "for the reason that it affirmatively appears from the testimony adduced by plaintiff that at the time that he purported to sell [the trailer] to the defendants he had already entered into a

contract to sell same to one Eugene Lanham; * * * that there had been no forfeiture of the [Lanham] contract * * * [and] he was precluded from making any sale to the defendants * * *." The motion was also on the ground that plaintiff had "failed to show that he made any sale to * * * the defendants."

When this motion was made the court indicated that he was concerned about the question of plaintiff's right to sell the trailer, without foreclosing the conditional sales contract. He asked the attorneys to show him some law on this phase of the case and said he would reserve ruling and asked defendants' counsel if he wished to proceed. Defendants' counsel said he would stand on the motion and the court told counsel if he wished to stand on the motion the case would be closed. Counsel again stated: "We will stand on it."

Some twenty-one days after the case was closed defendants filed an Amended and Substituted Answer in which they amended the answer on which they had gone to trial by striking all the paragraphs except the ones admitting the business and residence of the parties. In this pleading they denied that they had agreed to purchase the trailer and denied they had taken or retained possession of it. They admitted the trailer was in their trailer park but alleged it was sold to Lanham and that plaintiff could not make a sale of it without first reducing it to his possession and terminating his contract with Lanham. The record does not show this amended answer was opposed by plaintiff. Defendants could not, long after the case is closed, withdraw their answer admitting a sale and conversion, and then assert the evidence would be insufficient. It is probably immaterial because, as will presently appear, defendants do not argue the evidence was insufficient to establish the allegations of the petition.

About two months later the district court (not the judge who heard the case) signed the "Judgment Order" prepared by defendants' counsel. In this judgment the holding was for defendants, dismissing plaintiff's petition on the ground that plaintiff had failed to show a valid agreement for the sale of the trailer to defendants in that the evidence affirmatively showed plaintiff had taken no action to recover the trailer or reduce it to his possession.

■■ I. Plaintiff argues the trial court erred in holding it was necessary to repossess the trailer before he could enter into a valid contract to sell it. We do not deem this brief point very important to the decision of this case. Plaintiff does not argue the facts and circumstances surrounding the transaction might amount to repossession. But see State v. Shedoudy, 48 N.M. 354, 151 P.2d 57, where the conditional vendor found the automobile in a garage where the conditional vendee had brought it for repairs and it was held the vendor's instruction to the garage foreman to hold the automobile under his orders amounted to repossession. Admittedly the conditional seller, on repossessing the abandoned property, may sell it. 78 C. J. S., Sales, section 601. What constitutes repossession of the property that the defaulting vendee has abandoned is a question of fact. It is important to note that in this case the undisputed testimony is that the property which was the subject of the conditional sale was abandoned by the vendee when it was located on the real property of defendants, but they have never claimed that gave them any possessory rights such as would give them the right to use it for their own purpose. We do not apprehend that in all cases there must be physical seizure of the abandoned property before there can be repossession. If the abandoned property is found in the physical possession of a third person, who claims no more possessory rights than the custody of a storageman, as is about the case here, and the conditional vendor assumes. dominion and control over the property for his own purposes, then he has resumed possession, even though there has been no seizure or movement of the chattel.

We agree with the trial court that it would require a showing of repossession before plaintiff could sell the trailer, but we are not at all sure repossession of the abandoned trailer was not established by the pleading admissions and undisputed evidence in this case. If it was established then there is no question at all about the sale. Plaintiff's testimony that he sold the trailer to defendants for $832 stands undenied. Indeed their admission of the purchase of the trailer in their answer left only the question of whether the purchase price was to be $500 or $832. But, since plaintiff does not argue the fact of repossession, **and since about**

the same result is reached by another route, we will pass to the question of plaintiff's right to recover for conversion.

■ II. As previously pointed out, some of the paragraphs of plaintiff's petition charged the defendants with conversion and appropriation of the trailer to their own use August 24, 1950, and the petition alleges the trailer was reasonably worth $832. The answer on which the parties went to trial admitted the defendants took possession of the trailer on or about August 24, 1950, and still retain it but it alleges the fair and reasonable value was $500. The answer denies the "conversion" but the answer is controlled by its specific admission of taking possession of the trailer, which is conversion. 65 C. J., Trover and Conversion, section 149. As the pleadings stood on the conversion action at the time of trial, plaintiff sued for conversion of a trailer reasonably worth $832 and defendants admitted the taking but denied the value. At the close of the evidence plaintiff had established the conversion of the trailer, defendants' use of it for their own purposes for two years, and its reasonable value of $832. Defendants introduced no evidence that the value was $500 or any amount less than $832. They stood on their motion.

■ We feel the court was in error in dismissing plaintiff's petition. Under the pleadings and undisputed evidence plaintiff was clearly entitled to judgment for $832. The only argument presented by defendants is that plaintiff is not allowed to recover in conversion because the petition alleges a specific contract to sell. The argument ignores other portions of the petition where it charges defendants with appropriating the trailer to their own use and asks recovery on the ground of conversion for the reasonable value of the trailer. The petition might have been vulnerable to a motion to separate (rule 79, R. C. P.) but no attack was made upon it. Plaintiff would be entitled to recover if pleading admissions of defendants and the evidence established a case in contract or conversion.

■■ The only other argument advanced by defendants is that this case was tried on the theory of contract, and defendants invoke the rule that on appeal there must be adherence to the theory pursued in the trial court. The rule is well supported by many decisions of this court but it cannot be applied here unless it can be fairly said that this certain trial theory was acquiesced

in by plaintiff. 4 C. J. S., Appeal and Error, section 241. We have to look at the entire record to see the theory on which the case was tried below. Admittedly the petition was broad enough to allow recovery of $832 on either contract or conversion. It was not attacked. The answer specifically denied plaintiff's right to recover $832 on either contract or conversion. It must be said the theory of the pleadings was not confined to the contract issue. It is true plaintiff testified as to the sale or contract theory but he also testified he was not sure that a sale was made, and he was examined by his counsel and cross-examined at length by defendants' counsel as to the reasonable value of the trailer. This testimony as to reasonable value of the trailer would only be germane to the conversion case. This record shows no abandonment by plaintiff of his right to recover for conversion.

Defendants do not argue that plaintiff, as conditional vendor with retained title, could not maintain an action against them for conversion of the trailer. For statements of the general rule that such an action will lie, see 47 Am. Jur., Sales, section 879, and 78 C. J. S., Sales, section 618b, page 410.

The cause is reversed. As previously pointed out, the conversion was admitted in the answer and the denial was only as to value of the trailer. We remand the case for further trial of that issue only, if either party desires to present further evidence thereon, otherwise for judgment against defendants as prayed for in plaintiff's petition.—Reversed and remanded.

All JUSTICES concur.